**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| AMINI INNOVATION CORPORATION, a California corporation,<br><br>             Plaintiff,<br><br>v.<br><br>D.A. INTERNATIONAL, INC. an Illinois corporation, RAAD ALTEMIMEI, an individual, and DOES 1-9, inclusive,<br><br>             Defendants. | CIVIL ACTION NO.<br><br>FILED: MARCH 20, 2008<br>08CV1651      TC<br>JUDGE CONLON<br>MAGISTRATE JUDGE VALDEZ<br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff AMINI INNOVATION CORPORATION ("Plaintiff" or "AICO") for its Complaint alleges as follows:

**INTRODUCTION**

1.    This is an action for copyright infringement and design patent infringement in violation of 17 U.S.C. § 101 et seq., and 35 U.S.C. § 101 et seq. Defendants are infringing copyrights and design patents owned by AICO as set forth in greater detail herein.

2.    Defendants have actual notice of AICO's copyrights and design patents.

**THE PARTIES**

3.    Plaintiff Amini Innovation Corporation is a California corporation having its principal place of business at 8725 Rex Road, Pico Rivera, California 90660. AICO displays its furniture at various trade shows and on the Internet, and it extensively advertises its product lines in popular furniture magazines and periodicals. AICO is seeking damages and injunctive relief

with respect to its claims presented herein, except that AICO is not presently seeking damages against Defendants on its copyright infringement claims for any advertising actions and/or advertising activities that would have given rise to copyright infringement, but is only seeking injunctive relief in connection with any advertising activities of Defendants.  Regarding damages for copyright infringement, AICO is only seeking damages for the actual furniture sold by Defendants that infringes the copyrights alleged herein, and not for the depiction or display of the accused furniture products.  The reason AICO is excluding any damages as to advertising activities of Defendants is to prevent Defendants from receiving a defense of its claims from any insurance carrier.

4.     Defendant D.A. International, Inc. ("DA") is an Illinois corporation having a place of business in this judicial district at 12413 S. Harlem Avenue, Suite 201, Palos Heights, Illinois  60463 and perpetrating the infringing activities alleged herein in this judicial district.

5.     Defendant Raad Altemimei ("Altemimei") is an individual believed to reside in this judicial district at 10861 Green Manor Drive, Orland Park, Illinois  60467, is a principal of DA, and is personally directing the infringing activities described herein, and/or is the alter ego of DA.

6.     The true names and capacities, whether individual, corporate or otherwise of Defendants Does 1-9 inclusive, are unknown to AICO, who therefore sues them by such fictitious names.  AICO will seek leave to amend this complaint to allege their true names and capacities when they have been ascertained.  AICO is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that AICO's damages as herein alleged were proximately caused by those Defendants.  At all times herein mentioned, Defendants Does 1-9 inclusive were the agents,

servants, employees or attorneys of their co-defendants, and in doing the things hereinafter alleged were acting within the course and scope of their authority as those agents, servants, employees or attorneys, and with the permission and consent of their co-defendants.

## JURISDICTION AND VENUE

7.    The jurisdiction of this Court over the subject matter of this action is predicated upon 28 U.S.C. §§ 1331 and 1338(a) as a federal question involving patents and copyrights.

8.    This Court has personal jurisdiction over DA as it is doing substantial business in this judicial district through its place of business located in this judicial district, in which DA offers for sale and sells the hereinbelow accused products.

9.    This Court has personal jurisdiction over Altemimei in that Altemimei is a resident of this judicial district and is believed to have committed the unlawful acts alleged herein in this judicial district.

## FACTUAL BACKGROUND

10.    AICO is a California corporation located in Los Angeles County, California that has designed for it, markets, and sells home furnishings.

11.    AICO's popular Cortina bedroom collection includes furniture designs owned by AICO.

12.    Photographs of AICO's Cortina bedroom collection are attached as Exhibit 1.

13.    On March 18, 2005, AICO was awarded U.S. Copyright Registration No. VA 1-306-206 for the design that consists primarily of ornamental carvings on its Cortina sleigh bed headboard (see attached Exhibit 2).

14.    On March 29, 2005, AICO was awarded U.S. Copyright Registration No. VA 1-314-234 for the design that consists primarily of ornamental carvings on its Cortina sleigh bed footboard (see attached Exhibit 3).

15.    On March 18, 2005, AICO was awarded U.S. Copyright Registration No.  VA 1-306-205 for the design that consists primarily of ornamental carvings on its Cortina dresser (see attached Exhibit 4).

16.    On March 18, 2005, AICO was awarded U.S. Copyright Registration No.  VA 1-306-204 for the design that consists primarily of ornamental carvings on its Cortina dresser mirror (see attached Exhibit 5).

17.    On November 27, 2007, AICO was awarded U.S. Copyright Registration No. VA 1-623-886 for the design that consists primarily of ornamental designs on its Cortina night stand (see attached Exhibit 6).

18.    On November 27, 2007, AICO was awarded U.S. Copyright Registration No. VA 1-623-887 for the design that consists primarily of ornamental designs on its Cortina armoire (see attached Exhibit 7).

19.    AICO was awarded U.S. Design Patent No. D536,558 ("'558 Patent") for its Cortina sleigh bed headboard, which issued on February 13, 2007.  Said patent is attached hereto as Exhibit 8.  The patent was duly and legally issued and assigned to AICO.

20.    AICO was awarded U.S. Design Patent No. D535,507 ("'507 Patent") for its Cortina sleigh bed footboard, which issued on January 23, 2007.  Said patent is attached hereto as Exhibit 9.  The patent was duly and legally issued and assigned to AICO.

21.    AICO was awarded U.S. Design Patent No. D530,538 ("'538 Patent") for its Cortina dresser, which issued on October 24, 2006.  Said patent is attached hereto as Exhibit 10. The patent was duly and legally issued and assigned to AICO.

22.    AICO was awarded U.S. Design Patent No. D524,060 ("'060 Patent") for its Cortina dresser mirror, which issued on July 4, 2006.  Said patent is attached hereto as Exhibit 11.  The patent was duly and legally issued and assigned to AICO.

23.    Other intellectual property rights may be pending.  AICO may seek leave to amend this complaint should other relevant copyright registrations issue or should additional infringing products of Defendants be identified.

24.    AICO has become aware of Defendants' public display and sale of bedroom furniture that is substantially similar in appearance to AICO's copyrighted and patented furniture identified above.  See attached Exhibit 12.

25.    Other infringing products that correspond to several of AICO's copyrights and/or design patents (e.g., products that infringe AICO's Cortina bedroom furniture copyrights) were also observed in Defendants' place of business in Orland Park, Illinois by a sales representative of AICO over the past several months.  Defendants' infringing products are hereinafter referred to as the "Accused Products."

26.    Thereafter, counsel for AICO directed a cease-and-desist letter to Defendants but no satisfactory response was received.  See attached Exhibit 13.  The exhibits to the cease and desist letter have been omitted to minimize the volume of materials submitted to the Court.

27.    In their response to the cease and desist letter, Defendants (through counsel) ostensibly and allegedly agreed to cease sales of the Accused Products.  See attached Exhibit 14. Such a response, however, was incomplete with respect to the demands of AICO's cease and

desist letter. AICO's counsel thus followed up with another letter to counsel for Defendants requesting additional information so that a settlement could be reached without involving the Court. See attached Exhibit 15. No response to AICO's counsel letter, or its subsequent transmission of the same, was ever received from Defendants. Defendants' and their counsel's ignoring of AICO's letter have prevented an out-of-court resolution of this matter.

28.    Given AICO's high profile, extensive exposure, and success in the marketplace, there can be little doubt that Defendants knew about AICO's designs and intentionally decided to sell a bedroom collection so strikingly similar to AICO's Cortina bedroom collection so as to ride on AICO's coattails.

29.    Upon information and belief, substantial sales of the Accused Products are occurring in this judicial district and elsewhere in Illinois.

30.    Defendants' sale of the Accused Products is impacting AICO in this judicial district by diverting sales.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement Pursuant to 17 U.S.C. § 101 et seq.)

31.    Plaintiff hereby repeats and incorporates herein the allegations set forth in paragraphs 1 through 30 above.

32.    This claim is against Defendants for copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. § 101, et seq.

33.    AICO's copyrighted works attached as Exhibits 2-7 (the "Works") contain a substantial amount of original material which constitutes copyrightable subject matter protected under the Copyright Act of 1976, 17 U.S.C. § 101, et seq.

34.　　As previously alleged, AICO has applied for and received from the United States Register of Copyrights, Certificates of Registration for the copyrighted Works.

35.　　AICO has at all times complied in all respects with the Copyright Act of 1976 and all other laws of the United States with regard to its Works.

36.　　Defendants have had access to AICO's proprietary works by virtue of AICO's reputation, extensive advertising, and public displaying of its furniture.

37.　　Defendants have used or caused to be used various copies constituting unauthorized copies of Plaintiff's Works in violation of Plaintiff's exclusive rights under the Copyright Act of 1976, 17 U.S.C. § 106.

38.　　Defendants' distribution and/or sales of substantially similar copies of the Works constitute copyright infringement in violation of Plaintiff's exclusive rights under the Copyright Act of 1976, 17 U.S.C. § 101, et seq.

39.　　Defendants have knowingly, willfully, and/or deliberately infringed, and/or acted in reckless disregard in infringing, AICO's copyrights in the Works, and continue to do so in intentional and/or reckless disregard and violation of AICO's exclusive rights.

40.　　By reason of Defendants' acts of copyright infringement, Plaintiff has suffered and will continue to suffer irreparable injury unless and until this Court (1) enters an order enjoining and restraining Defendants from using the Works in any manner, and (2) orders all the copied Works to be impounded.

41.　　Defendants' continuing acts of copyright infringement, unless enjoined, will cause and have caused irreparable damage to Plaintiff in that it will have no adequate remedy at law to compel Defendants to cease such acts. Plaintiff will be compelled to prosecute a multiplicity of actions, one action each time Defendants commit such acts, and in each such

action it will be extremely difficult to ascertain the amount of compensation which will afford Plaintiff adequate relief.

42.    By reason of Defendants' acts of copyright infringement, Plaintiff is entitled to recover all profits received or otherwise achieved, directly or indirectly, by Defendants in connection with their copying, distributing, and/or selling of the accused designs which are copies of Plaintiff's Works, as well as any other acts of Defendants that violate 17 U.S.C. § 106. Or, in the alternative, Plaintiff is entitled to an award of statutory damages as provided for in 17 U.S.C. § 504(c).

## SECOND CLAIM FOR RELIEF

### (Design Patent Pursuant to 35 U.S.C § 101, et seq.)

43.    Plaintiff hereby repeats and incorporates herein the allegations set forth in paragraphs 1 through 42 above.

44.    AICO's '558, '507, '538, and '060 Patents (see, Exhibits 8-11, attached hereto) have at all relevant times subsequent to their issue dates been fully enforceable and are now fully enforceable.

45.    Subsequent to the issuance of the '558, '507, '538, and '060 Patents, Defendants have infringed the patents by using, importing, offering to sell, and/or selling, and continuing to use, import, offer to sell and/or sell, products that come within the scope of the claims of the patents, and that come within a range of equivalents of the claims of the patents, and/or contributing to the infringement activities of others.

46.    The using, importing, offering to sell, and/or selling of infringing products by Defendants, and/or contributing to the infringement activities of others, has been without

authority or license from AICO and in violation of AICO's rights, thereby infringing the '558, '507, '538, and '060 Patents.

47.    Defendants' infringement of AICO's '558, '507, '538, and '060 Patents has been willful and in disregard for the exclusive rights of AICO set forth in its patents.

48.    The amount of money damages which AICO has suffered due to Defendants' acts of infringement cannot be determined without an accounting, and it is thus subject to proof at trial.

49.    AICO is entitled to a complete accounting of all revenue derived by Defendants from the unlawful conduct alleged herein.

50.    The harm to AICO arising from Defendants' acts of infringement of AICO's '558, '507, '538, and '060 Patents is not fully compensable by money damages.  Rather, AICO has suffered and continues to suffer irreparable harm which has no adequate remedy at law and which will continue unless Defendants' conduct is enjoined.

51.    AICO is therefore also entitled to a preliminary injunction, to be made permanent on entry of the judgment, preventing Defendants from further infringement.

## PRAYER FOR RELIEF

WHEREFORE, AICO demands judgment against Defendants, as follows:

A.    For an order preliminarily and permanently enjoining the Defendants, and their officers, directors, agents, servants, attorneys, and employees and all other persons acting in concert with them from committing any further acts of infringement, including, but not limited to, copying, manufacturing, importing, selling and distributing the accused products, or aiding or abetting or assisting others in such infringing activities;

B.      For an order directing Defendants to file with this Court and to serve on the Plaintiff within thirty (30) days after service on Defendants of the injunction granted herein, or such extended period as the Court may direct, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction and order of the Court;

C.      For an order seizing and impounding all accused products;

D.      For a judgment requiring Defendants to account to Plaintiff for and to pay Plaintiff all profits derived by Defendants from the advertising, marketing, distribution, public display, offering for sale and/or selling the Accused Products, as well as any other acts prescribed by 17 U.S.C. § 106 and/or for statutory damages based upon Defendants' acts of copyright infringement pursuant to 17 U.S.C. § 504(c), at Plaintiff's election;

E.      For a judgment to be entered for Plaintiff against Defendants in an amount equal to the profits Defendants made in connection with their sales of products that infringe the '558, '507, '538, and '060 Patents pursuant to 35 U.S.C. § 289 to be proven at trial, or in the alternative, a reasonable royalty;

F.      For a judgment awarding to Plaintiff prejudgment and post judgment interest until the award is fully paid;

G.      For a judgment that Defendants have willfully and deliberately infringed Plaintiff's rights, such that Plaintiff is entitled to enhanced statutory damages pursuant to 17 U.S.C. § 504(c), if elected, and that this is an exceptional case entitling Plaintiff to enhanced damages under the Patent Laws of the United States;

H.      For an award of costs, including attorneys' fees, incurred in bringing this action;

I.      For such other and further relief as this Court may deem just and equitable under

the circumstances; and,

J.      Plaintiff specifically waives any damages with respect to Defendants' copyright

infringing activities having to do with any advertising activities by Defendants.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues raised by the Complaint so triable.

                                                  Respectfully submitted,

Date: March 20, 2008                              s/ Brent A. Hawkins
                                                  Jeffrey G. Gargano
                                                  Brent A. Hawkins
                                                  Mark R. Anderson
                                                  McDermott Will & Emery LLP
                                                  227 West Monroe Street
                                                  Chicago, IL 60606-5096
                                                  Telephone: (312) 984-7733
                                                  Telefax: (312) 984-7700
                                                  E-mail: jgargano@mwe.com
                                                          bhawkins@mwe.com
                                                          manderson@mwe.com
                                                  ATTORNEYS FOR PLAINTIFF
                                                  AMINI INNOVATION CORPORATION

*Of Counsel*:
Daniel M. Cislo (Admission No.128,378)
Mark D. Nielsen
CISLO & THOMAS, LLP
1333 2nd Street, Suite 500
Santa Monica, California 90401
Telephone: (310) 451-0647
Telefax: (310) 394-4477
E-mail:dan@cislo.com
        mnielsen@cislo.com

CHI99 4956875-1.082220.0011

```
08CV1651          TC
JUDGE CONLON
MAGISTRATE JUDGE VALDEZ
```

# EXHIBIT 1





**#65000 Cortina Bedroom Collection**
Honey Walnut Finish - 28

65050 Dresser
65060 Dresser Mirror

65016 & 26 & 36 Sleigh Bed
65080 Armoire

65050 Dresser (detail view)
65040 Bedside Chest

Designs depicted are proprietary
with AICO - © All rights reserved.

**EXHIBIT 2**



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 1-306-206**

**MAR 18 2005**
Month    Day    Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**1**
Title of This Work ▼
CORTINA SLEIGH BED HEADBOARD

NATURE OF THIS WORK ▼ See instructions
Ornamental carvings

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give    Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

**2**
NAME OF AUTHOR ▼
Jack Schmitt

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was made for hire check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR {Citizen of USA
Domiciled in USA

Was This Author's Contribution to the Work
Anonymous?    ☐ Yes    ☐ No
Pseudonymous?    ☐ Yes    ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es) See Instructions
☑ 3 Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2 Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

**b**
Name of Author ▼

Dates of Birth and Death
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR {Citizen of
Domiciled in

Was This Author's Contribution to the Work
Anonymous?    ☐ Yes    ☐ No
Pseudonymous?    ☐ Yes    ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es) See Instructions
☐ 3 Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2 Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

**3**
Year in Which Creation of This Work Was Completed
**a** 2004    Year    This information must be given in all cases.

Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
**b** Month September    Day 20    Year 2004
Nation USA

**4**
COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Amini Innovation Corporation
8725 Rex Road
Pico Rivera, CA 90660

APPLICATION RECEIVED
MAR 18 2005
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
MAR 18 2005
FUNDS RECEIVED

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼
By Assignment

---

MORE ON BACK ▶    Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
See detailed instructions.    Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages

EXAMINED BY

CHECKED BY

FORM VA

□ CORRESPONDENCE
Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☐ No If your answer is Yes, why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is Yes, give: **Previous Registration Number** ▼     **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**

a

See instructions
before completing
this space.

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

**Name** ▼     **Account Number** ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Donald M. Cislo
233 Wilshire Boulevard, Suite 900
Santa Monica, CA 90401-1211

b

Area code and daytime telephone number ( 310 ) 451-0647     Fax number ( 310 ) 394-4477

Email   dencislo@cislo.com

**CERTIFICATION** I, the undersigned, hereby certify that I am the

check only one ▶

☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of Amin Innovation Corporation

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

**Typed or printed name and date** ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Charles H. Thomas     Date March 16, 2005

Handwritten signature (X) ▼

X _Charles H. Thomas_

Certificate
will be
mailed in
window
envelope
to this
address

Name ▼
Donald M. Cislo
CISLO & THOMAS LLP
Number/Street/Apt ▼
233 Wilshire Boulevard, Suite 900
City/State/ZIP ▼
Santa Monica, CA 90401-1211

**9**

Complete all necessary spaces
Sign your application in space 8

1. Application filled
2. Nonrefundable filing fee in check or money
order payable to Register of Copyrights
3. Deposit material

MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

*17 USC §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev. August 2003—30,000   Web Rev. June 2002   ● Printed on recycled paper     U.S. Government Printing Office: 2003-496-605/60 029



Fig. 1



Fig. 2



Fig. 3



Fig. 4



Fig. 5

**EXHIBIT 3**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 1-314-234**

EFFECTIVE DATE OF REGISTRATION

MAR 29 2005

Month    Day    Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

Title of This Work ▼
CORTINA SLEIGH BED FOOTBOARD

NATURE OF THIS WORK ▼ See Instructions
Ornamental carvings

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

**2**
**a**

NAME OF AUTHOR ▼
Jack Schmitt

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of     USA
     Domiciled in   USA

Was This Author's Contribution to the Work
Anonymous?    ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See instructions
☑ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

**b**

Name of Author ▼

Dates of Birth and Death
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of
     Domiciled in

Was This Author's Contribution to the Work
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

**3**
**a**

Year in Which Creation of This Work Was Completed
2004    Year    This information must be given in all cases.

**b** Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month September    Day 20    Year 2004
Nation USA

**4**

See instructions before completing this space.

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Amini Innovation Corporation
8725 Rex Road
Pico Rivera, CA 90660

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼
By Assignment

APPLICATION RECEIVED
MAR 29 2005
ONE DEPOSIT RECEIVED
MAR 29 2005
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

---

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page. • See detailed instructions. • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages

| EXAMINED BY | S.D.W | FORM VA |
|---|---|---|
| CHECKED BY | | |
| ☐ CORRESPONDENCE Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

**a.** ☐ This is the first published edition of a work previously registered in unpublished form.

**b.** ☐ This is the first application submitted by this author as copyright claimant.

**c.** ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼        **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

**a.** Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

**b.** Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

a
See instructions before completing this space.

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼        Account Number ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Donald M. Cislo
233 Wilshire Boulevard, Suite 900
Santa Monica, CA  90401-1211

b

Area code and daytime telephone number    ( 310 ) 451-0647        Fax number    ( 310 ) 394-4477

Email  doncislo@cislo.com

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the

check only one ▶  { ☐ author
☐ other copyright claimant
☐ owner of exclusive rights(s)
☑ authorized agent of  Amini Innovation Corporation

Name of author or other copyright claimant, or owner of exclusive rights(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Charles H. Thomas        Date  March 22, 2005

Handwritten signature (X) ▼

X _Charles H. Thomas_

| Certificate will be mailed in window envelope to this address: | Name ▼ Donald M. Cislo CISLO & THOMAS LLP | **9** |
|---|---|---|
| | Number/Street/Apt ▼ 233 Wilshire Boulevard, Suite 900 | |
| | City/State/ZIP ▼ Santa Monica, CA  90401-1211 | |

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

\*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev. August 2003—30,000    Web Rev: June 2002    ⊛ Printed on recycled paper        U.S. Government Printing Office: 2003-496-605/80,029



Fig. 1



Fig. 2



Fig. 3



Fig. 4



Fig. 5

**EXHIBIT 4**

Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

VA 1–306–205



MAR 18 2005

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

**1**

Title of This Work ▼
CORTINA DRESSER

NATURE OF THIS WORK ▼ See Instructions
Ornamental carvings

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give   Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

---

**2**

NAME OF AUTHOR ▼
Jack Schmutt

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ____ USA
Domiciled in ____ USA }

Was This Author's Contribution to the Work
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**
Under the law, the author of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was made for hire check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Nature of Authorship  Check appropriate box(es). See Instructions
☑ 3 Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2 Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

Name of Author ▼

Dates of Birth and Death
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ____
Domiciled in ____ }

Was This Author's Contribution to the Work
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship  Check appropriate box(es). See Instructions
☐ 3 Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2 Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

---

**3**

**a** Year in Which Creation of This Work Was Completed   This information must be given in all cases.
2004 ◄ Year

**b** Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month September   Day 20   Year 2004
USA   Nation

---

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Amini Innovation Corporation
8725 Rex Road
Pico Rivera, CA  90660

APPLICATION RECEIVED
MAR 18 2005
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
MAR 18 2005
FUNDS RECEIVED

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼
By Assignment

See instructions before completing this space

---

MORE ON BACK ▶   Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed instructions.   Sign the form at line 8

DO NOT WRITE HERE
Page 1 of ___ pages

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
☐ Yes

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☐ No  If your answer is Yes, why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on the application.

If your answer is Yes, give: Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

a

See instructions
before completing
this space

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼                          Account Number ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Donald M. Cislo
233 Wilshire Boulevard  Suite 900
Santa Monica, CA  90401 1211

Area code and daytime telephone number    ( 310 ) 451-0647          Fax number    ( 310 ) 394-4477

Email    doncislo@cislo.com

b

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶

☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of    Anini Innovation Corporation

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Charles H. Thomas                                    Date    March 16, 2005

Handwritten signature (X) ▼

*Charles H. Thomas*

Certificate
will be
mailed in
window
envelope
to this
address

Name ▼
Donald M. Cislo
CISLO & THOMAS LLP

Number/Street/Apt ▼
233 Wilshire Boulevard, Suite 900

City/State/ZIP ▼
Santa Monica, CA  90401-1211

**9**

*17 U.S.C § 506(e)* Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev August 2003—30,000    Web Rev June 2002    ⬤ Printed on recycled paper          U.S. Government Printing Office: 2003-496-605/60,029



Fig. 1

Fig. 2



Fig. 3



Fig. 4



Fig. 5

**EXHIBIT 5**



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 1-306-204**

EFFECTIVE DATE OF REGISTRATION

**MAR 18 2005**

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

**1**

Title of This Work ▼
CORTINA DRESSER MIRROR

NATURE OF THIS WORK ▼ See Instructions
Ornamental carvings

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give  Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

**2**

NAME OF AUTHOR ▼
Jack Schmitt

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

**NOTE**

Under the law the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was made for hire check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
{ Citizen of ▶ USA
OR { Domiciled in ▶ USA

Was This Author's Contribution to the Work
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See Instructions
☑ 3 Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2 Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

Name of Author ▼

Dates of Birth and Death
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
{ Citizen of ▶
OR { Domiciled in ▶

Was This Author's Contribution to the Work
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3 Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2 Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

**3**

Year in Which Creation of This Work Was Completed
2004
This information must be given in all cases.

Date and Nation of First Publication of This Particular Work
Complete this information Month September Day 20 Year 2004
ONLY if this work has been published. USA
Nation

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Amini Innovation Corporation
8725 Rex Road
Pico Rivera, CA 90660

APPLICATION RECEIVED
MAR 18 2005
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
MAR 18 2005
FUNDS RECEIVED

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼
By Assignment

MORE ON BACK ▶    Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed instructions    Sign the form at line 8

DO NOT WRITE HERE
Page 1 of __ pages

| EXAMINED BY | | FORM VA |
|---|---|---|

CHECKED BY

☐ CORRESPONDENCE
  Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☑ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a ☐ This is the first published edition of a work previously registered in unpublished form.

b ☐ This is the first application submitted by this author as copyright claimant.

c ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼      **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

a

See instructions
before completing
this space.

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
**Name** ▼      **Account Number** ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Donald M. Cislo
233 Wilshire Boulevard, Suite 900
Santa Monica, CA 90401 1211

b

Area code and daytime telephone number  ( 310 ) 451-0647      Fax number  ( 310 ) 394-4477

Email  doncislo@cislo.com

**CERTIFICATION** I, the undersigned, hereby certify that I am the

☐ author
☐ other copyright claimant
☐ owner of exclusive rights
☑ authorized agent of  **Aruni Innovation Corporation**
                    Name of author or other copyright claimant, or owner of exclusive rights ▲

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Charles H Thomas      Date  March 16, 2005

Handwritten signature (X) ▼

X  _Charles H. Thomas_

| Certificate will be mailed in window envelope to this address | **Name** ▼ Donald M. Cislo CISLO & THOMAS LLP | **9** |
|---|---|---|
| | **Number/Street/Apt** ▼ 233 Wilshire Boulevard, Suite 900 | |
| | **City/State/ZIP** ▼ Santa Monica  CA  90401-1211 | |

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.*

Rev August 2003—30 000   Web Rev June 2002   ♻ Printed on recycled paper      U.S. Government Printing Office 2003-496-605/ 60 029



Fig. 1



Fig. 2



Fig. 3



Fig. 4

**EXHIBIT 6**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**★ ★**

**Registration Number:**

## VA 1-623-886

**Effective date of registration:**

November 27, 2007

## Title ━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

**Title of Work:** CORTINA NIGHT STAND

**Nature of Work:** Ornamental Designs

## Completion/Publication ━━━━━━━━━━━━━━━━━━

**Year of Completion:** 2004

**Date of 1st Publication:** September 20, 2004     **Nation of 1st Publication:** United States

## Author ━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

**Author:** Jack Schmitt

**Author Created:** 3-Dimensional sculpture

**Work made for hire:** No

**Citizen of:** United States     **Domiciled in:** United States

**Anonymous:** Yes     **Pseudonymous:** No

## Copyright claimant ━━━━━━━━━━━━━━━━━━━━━

**Copyright Claimant:** Amini Innovation Corporation

8725 Rex Road, Pico Rivera, CA 90660

**Transfer Statement:** By Assignment

## Limitation of copyright claim ━━━━━━━━━━━━━

**Previously registered:** No

## Certification ━━━━━━━━━━━━━━━━━━━━━━━━━

**Name:** Daniel M. Cislo, authorized agent of Amini Innovation Corporation

**Date:** November 26, 2007

**Copyright Office notes:** Regarding title information: application states "No copyright claim is made to the hang-tag shown on the night stand in the figures submitted." Regarding title information: registration based on ornamental carvings only.











**EXHIBIT 7**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

**VA 1-623-887**

**Effective date of registration:**

**November 27, 2007**

## Title

**Title of Work:** CORTINA ARMOIRE

**Nature of Work:** Ornamental Designs

## Completion/Publication

**Year of Completion:** 2004

**Date of 1st Publication:** September 20, 2004     **Nation of 1st Publication:** United States

## Author

**Author:** Jack  Schmitt

**Author Created:** 3-Dimensional sculpture

**Work made for hire:** No

**Citizen of:** United States     **Domiciled in:** United States

**Anonymous:** Yes     **Pseudonymous:** No

## Copyright claimant

**Copyright Claimant:** Amini Innovation Corporation

8725 Rex Road, Pico Rivera, CA 90660

**Transfer Statement:** By Assignment

## Limitation of copyright claim

**Previously registered:** No

## Certification

**Name:** Daniel M. Cislo, authorized agent of Amini Innovation Corporation

**Date:** November 26, 2007

**Copyright Office notes:**   Regarding title information: application states "No copyright claim is made to the hang-tag shown on the night stand in the figures submitted." Regarding title information: registration based on ornamental carvings only.











22  4:29PM

08CV1651        TC
JUDGE CONLON
MAGISTRATE JUDGE VALDEZ

# EXHIBIT 8



US00D536558S

(12) **United States Design Patent** (10) Patent No.:    **US D536,558 S**

Schmitt    (45) Date of Patent:    ** Feb. 13, 2007

(54) **SLEIGH BED HEADBOARD**

(75) Inventor: **Jack Schmitt**, San Juan Capistrano, CA (US)

(73) Assignee: **Amini Innovation Corp.**, Pico Rivera, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/226,350**

(22) Filed: **Mar. 29, 2005**

(51) **LOC (8) Cl.** .................................................. **06-06**

(52) **U.S. Cl.** ............................................................ **D6/505**

(58) **Field of Classification Search** ......... D6/382–395, D6/505–508, 397; 5/53.1, 279.1, 280, 281, 5/2.1, 907, 414
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 182,544 | A | 9/1876 | Arnaud |
| 1,087,573 | A | 2/1914 | Dautrich |
| D90,256 | S | 7/1933 | McClure |
| 4,080,674 | A | 3/1978 | Fredman et al. |
| D389,663 | S | 1/1998 | Paus |
| D402,833 | S | 12/1998 | Hazen et al. |
| D404,217 | S | 1/1999 | Zaidman et al. |
| D441,980 | S | 5/2001 | McDaniel et al. |
| D443,432 | S | 6/2001 | Vaaler |
| D443,445 | S | 6/2001 | O'Hare et al. |
| D443,446 | S | 6/2001 | O'Hare et al. |
| D445,284 | S | 7/2001 | Chen |
| D445,592 | S | 7/2001 | O'Hare et al. |
| D449,939 | S | 11/2001 | Vaaler |
| D457,346 | S | 5/2002 | O'Hare |
| D459,120 | S | 6/2002 | Stanton |
| D460,288 | S | 7/2002 | Vaaler |
| D463,157 | S | 9/2002 | Lenger |
| D468,552 | S | 1/2003 | O'Hare |
| D470,329 | S | 2/2003 | Vaaler |
| D470,330 | S | * 2/2003 | Vaaler .......................... D6/393 |
| D470,331 | S | 2/2003 | Stanton |
| D470,681 | S | 2/2003 | O'Hare |
| D471,732 | S | 3/2003 | Warren et al. |

| | | | |
|---|---|---|---|
| D473,064 | S | 4/2003 | O'Hare |
| D474,917 | S | 5/2003 | Risdon |
| D475,218 | S | 6/2003 | Schmitt |
| D475,224 | S | 6/2003 | Paus |
| D475,862 | S | 6/2003 | McDaniel et al. |
| D484,329 | S | * 12/2003 | Risdon et al. ................ D6/393 |
| D487,199 | S | 3/2004 | Schmitt |
| D487,363 | S | 3/2004 | Schmitt |
| D493,976 | S | 8/2004 | Bergelin |
| D508,626 | S | * 8/2005 | Schmitt ........................ D6/505 |
| D517,831 | S | * 3/2006 | Domack ...................... D6/393 |

OTHER PUBLICATIONS

Drexel Palm Court bed, Oct. 2004, p. 5.*
Furniture Today, Source Mktg. bed, p. 192, Oct. 14, 2002.
Amini Innovation, Corp. Monte Carlo Collection, #53000 Series, 2001, 1 pages.
Amini Innovation, Corp. La Francaise Collection, #50000 Series, Sep. 11, 2002, 3 pages.
Ethan Allen circular, Legacy Collection Iron Hoop Bed, p. 5, 1996.
Thomasville Verona, c2002 bed on cover.
Thomasville, Impressions—Madison county, bed.

* cited by examiner

*Primary Examiner*—Janice E. Seeger
(74) *Attorney, Agent, or Firm*—Cislo & Thomas, LLP

(57) **CLAIM**

I claim the ornamental design for the sleigh bed headboard, as shown and described.

**DESCRIPTION**

FIG. **1** is a front elevational view of a sleigh bed headboard showing my new design;
FIG. **2** is a left-side elevational view thereof;
FIG. **3** is a right-side elevational view thereof;
FIG. **4** is a top plan view thereof; and,
FIG. **5** is a front elevational detail of the top center of the sleigh bed headboard illustrating the ornamentation thereon in enlarged detail.
The claimed design does not include any depth for the ornamental details shown within the perimeter moldings.

**1 Claim, 5 Drawing Sheets**





Fig. 1



Fig. 2



Fig. 3



Fig. 4



Fig. 5

# EXHIBIT 9



US00D535507S

(12) **United States Design Patent** (10) Patent No.: **US D535,507 S**
Schmitt                                                    (45) Date of Patent: **\*\*  Jan. 23, 2007**

(54) **SLEIGH BED FOOTBOARD**

(75) Inventor: **Jack Schmitt**, San Juan Capistrano, CA (US)

(73) Assignee: **Amini Innovation Corp.**, Pico Rivera, CA (US)

(\*\*) Term: **14 Years**

(21) Appl. No.: **29/226,353**

(22) Filed: **Mar. 29, 2005**

(51) **LOC (8) Cl.** .................................................. **06-06**
(52) **U.S. Cl.** ..................................................... **D6/505**
(58) **Field of Classification Search** .......... D6/382–395, D6/505–508, 397; 5/53.1, 279.1, 280, 281, 5/2.1, 907, 414
See application file for complete search history.

(56)                    **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 182,544 | A | 9/1876 | Arnaud |
| 1,087,573 | A | 2/1914 | Dautrich |
| D90,256 | S | 7/1933 | McClure |
| 4,080,674 | A | 3/1978 | Fredman et al. |
| D389,663 | S | 1/1998 | Paus |
| D402,833 | S | 12/1998 | Hazen et al. |
| D404,217 | S | 1/1999 | Zaidman et al. |
| D441,980 | S | 5/2001 | McDaniel et al. |
| D443,432 | S | 6/2001 | Vaaler |
| D443,445 | S | 6/2001 | O'Hare et al. |
| D443,446 | S | 6/2001 | O'Hare et al. |
| D445,284 | S | 7/2001 | Chen |
| D445,592 | S | 7/2001 | O'Hare et al. |
| D449,939 | S | 11/2001 | Vaaler |
| D450,946 | S | \* 11/2001 | Vaaler ........................ D6/393 |
| D457,346 | S | 5/2002 | O'Hare |
| D459,120 | S | 6/2002 | Stanton |
| D460,288 | S | 7/2002 | Vaaler |
| D463,157 | S | 9/2002 | Lenger |
| D468,552 | S | 1/2003 | O'Hare |
| D470,329 | S | 2/2003 | Vaaler |
| D470,330 | S | \* 2/2003 | Vaaler ........................ D6/393 |
| D470,331 | S | 2/2003 | Stanton |

| | | | |
|---|---|---|---|
| D470,681 | S | 2/2003 | O'Hare |
| D471,732 | S | 3/2003 | Warren et al. |
| D473,064 | S | 4/2003 | O'Hare |
| D474,917 | S | 5/2003 | Risdon |
| D475,218 | S | 6/2003 | Schmitt |
| D475,224 | S | 6/2003 | Paus |
| D475,862 | S | 6/2003 | McDaniel et al. |
| D481,220 | S | \* 10/2003 | Paus ........................... D6/393 |
| D487,199 | S | 3/2004 | Schmitt |
| D487,363 | S | 3/2004 | Schmitt |
| D493,976 | S | 8/2004 | Bergelin |
| D518,321 | S | \* 4/2006 | Schmitt ...................... D6/505 |

OTHER PUBLICATIONS

Furniture Today, Source Mktg. bed, p. 192, Oct. 14, 2002.
Amini Innovation, Corp. Monte Carlo Collection, #53000 Series, 2001, 1 pages.
Amini Innovation, Corp. La Francaise Collection, #50000 Series, Sep. 11, 2002, 3 pages.
Ethan Allen Circular, Legacy Collection Iron Hoop Bed, p. 5, 1996.
Thomasville Verona, c2002 bed on cover.
Thomasville, Impressions—Madison county, bed.

\* cited by examiner

*Primary Examiner*—Janice E. Seeger
(74) *Attorney, Agent, or Firm*—Cislo & Thomas, LLP

(57)                    **CLAIM**

I claim the ornamental design for the sleigh bed footboard, as shown and described.

                    **DESCRIPTION**

FIG. **1** is a front elevational view of a sleigh bed footboard showing my new design;
FIG. **2** is a left-side elevational view thereof;
FIG. **3** is a right-side elevational view thereof;
FIG. **4** is a top plan view thereof; and,
FIG. **5** is a front elevational detail of the upper center of the sleigh bed footboard illustrating the ornamentation thereon in enlarged detail.
The claimed design does not include any depth for the ornamental details shown within the perimeter moldings.

                    **1 Claim, 5 Drawing Sheets**





Fig. 1



Fig. 2



Fig. 3



Fig. 4



Fig. 5

**EXHIBIT 10**



US00D530538S

(12) **United States Design Patent**    (10) Patent No.:    **US D530,538 S**
Schmitt    (45) Date of Patent:    ** **Oct. 24, 2006**

(54) **DRESSER**

(75) Inventor:    **Jack Schmitt**, San Juan Capistrano, CA (US)

(73) Assignee:    **Amini Innovation Corp.**, Pico Rivera, CA (US)

(**) Term:    **14 Years**

(21) Appl. No.: **29/226,365**

(22) Filed:    **Mar. 29, 2005**

(51) **LOC (8) Cl.** ................................................... **06-04**
(52) **U.S. Cl.** ................................................... **D6/441**
(58) **Field of Classification Search** ................. D6/434,
        D6/436–447, 470–472; 312/114, 204, 224,
        312/227
    See application file for complete search history.

(56)    **References Cited**

U.S. PATENT DOCUMENTS

|  |  |  |
|---|---|---|
| 107,479 A | 9/1870 | Gilman |
| 2,009,225 A | 7/1935 | Farrar |
| D109,986 S | 6/1938 | Hickerson |
| D198,795 S | 8/1964 | Hekler |
| D234,177 S | 1/1975 | Keller |
| D241,210 S | 8/1976 | Elsen |
| D241,211 S | 8/1976 | Elsen |
| D258,331 S | 2/1981 | Brown |
| D258,333 S | 2/1981 | Brown |
| D265,155 S | 6/1982 | Bravo |
| D272,698 S | 2/1984 | Aulbert et al. |
| D321,438 S | 11/1991 | Pauer et al. |
| D341,502 S | 11/1993 | Ball |
| D343,744 S | 2/1994 | Keller |
| D346,915 S | 5/1994 | Roser, Jr. |
| D350,656 S | 9/1994 | Ferguson |
| D371,257 S | 7/1996 | Paus |
| D373,033 S | 8/1996 | Rosebrock |
| D374,783 S | 10/1996 | Keller et al. |
| D383,330 S | 9/1997 | Lowery |
| D384,518 S | 10/1997 | Bergelin |
| D387,568 S | 12/1997 | Walters, III et al. |

|  |  |  |  |
|---|---|---|---|
| D400,733 S | 11/1998 | O'Hare | |
| D406,202 S | 3/1999 | Zaidman | |
| D411,050 S | 6/1999 | Keller et al. | |
| D412,413 S | 8/1999 | Keller et al. | |
| D424,831 S | 5/2000 | O'Hare | |
| D425,329 S | * 5/2000 | O'Hare ......................... D6/445 |
| D437,503 S | 2/2001 | Ungaro | |
| D448,205 S | 9/2001 | O'Hare et al. | |
| D450,203 S | 11/2001 | Vaaler | |
| D451,700 S | 12/2001 | Vaaler | |
| D454,729 S | 3/2002 | Vaaler | |

(Continued)

OTHER PUBLICATIONS

Ethan Allen Circular, Legacy Collection Dresser with Mirror (reflected in mirror), p. 5, 1996.
Thomasville Catalog, Replicas 1662 Triple Dresser and Mirror, p. 2, 1983.

(Continued)

*Primary Examiner*—Cathron C. Brooks
(74) *Attorney, Agent, or Firm*—Cislo & Thomas, LLP

(57)    **CLAIM**

I claim the ornamental design for the dresser, as shown and described.

**DESCRIPTION**

FIG. **1** is a front elevational view of a dresser showing my new design, the door and drawer pulls thereof being shown in phantom and forming no part of my new design;
FIG. **2** is left-side elevational view thereof;
FIG. **3** is right-side elevational view thereof;
FIG. **4** is a top plan view thereof;
FIG. **5** is a front elevational view of the right center of the dresser illustrating the ornamentation thereon in enlarged detail; and,
FIG. **6** is a front elevational view of the upper portion of FIG. **5** illustrating the ornamentation thereof in still greater detail.

**1 Claim, 6 Drawing Sheets**



## US D530,538 S

Page 2

U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| D459,111 S | 6/2002 | Tobin, Jr. |
| D467,095 S | 12/2002 | Vaaler |
| D469,626 S | 2/2003 | Vaaler |
| D469,631 S | 2/2003 | Vaaler |
| D469,982 S | 2/2003 | Warren et al. |
| D470,686 S | 2/2003 | O'Hare |
| D472,733 S | 4/2003 | McDaniel et al. |
| D473,400 S | 4/2003 | O'Hare |
| D474,054 S | 5/2003 | Warren et al. |
| D474,922 S | 5/2003 | Vaaler |
| D475,868 S | 6/2003 | Vaaler |
| D476,505 S | 7/2003 | Lenger |
| D477,725 S | 7/2003 | McDaniel et al. |
| D480,236 S | 10/2003 | Schmitt |
| D480,896 S | 10/2003 | Paus |
| D481,555 S | 11/2003 | Schmitt |
| D484,319 S | 12/2003 | Domack |
| D485,079 S | 1/2004 | Warren et al. |
| D487,201 S | 3/2004 | Schmitt |
| D487,548 S | 3/2004 | Schmitt |
| D488,936 S | 4/2004 | Schmitt |
| D490,626 S | 6/2004 | Risdon et al. |

OTHER PUBLICATIONS

America's Oak Furniture, Schiffer, 1988, Low Chest with Mirror, p. 90.

Golden Oak Furniture, Warren, 1992, Dresser with Mirror, p. 140.
Furniture Today, Genoa Collection Dresser with Mirror, p. 14, Oct. 11, 1999.
Thomasville, Palais Jardin Mirror Dresser and Door Chest, p. 12, 2002.
Furniture Today, Source Mktg. Group Mirror Dresser and Sumter Cabinet, p. 192, Oct. 14, 2002.
Furniture Today, Union City Imports china hutch, p. 158, Oct. 19, 1998.
Furniture Today, Aico china hutch, p. 15, Oct. 16, 2000.
Furniture Today, Broyhill china hutch, p. 11, Apr. 16, 2001.
Furniture Today, Marge Carson wall unit, p. 126, Oct. 11, 1999.
Furniture Today, Pulski amoire, p. 33, Apr. 15, 2002.
Amini Innovation, Corp. Monte Carlo Collection, #53000 Series, 2001, 2 pages.
Amini Innovation, Corp. La Francaise Collection, #50000 Series, Sep. 11, 2002, 5 pages.
Amini Innovation, Corp. Royal Oak Collection, #31000 Series, Sep. 11, 2002, 1 page.
Amini Innovation Corp. Torino Collection, #56000 Series, Apr. 18, 2002, 1 page.

* cited by examiner



Fig. 1



Fig. 2



Fig. 3

Case 1:08-cv-01651     Document 1-3     Filed 03/20/2008     Page 21 of 58



Fig. 4



Fig. 5



Fig. 6

**EXHIBIT 11**



US00D524060S

(12) **United States Design Patent** (10) Patent No.: **US D524,060 S**

Schmitt (45) Date of Patent: ** **Jul. 4, 2006**

(54) **DRESSER MIRROR**

(75) Inventor: **Jack Schmitt**, San Juan Capistrano, CA (US)

(73) Assignee: **Amini Innovation Corp.**, Pico Rivera, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/226,349**

(22) Filed: **Mar. 29, 2005**

(51) **LOC (8) Cl.** .................................................. **06-07**
(52) **U.S. Cl.** ......................................................... **D6/300**
(58) **Field of Classification Search** .......... D6/300–309,
D6/444, 432, 568; 40/700–702, 714, 717,
40/721, 727, 738, 739, 742, 745, 746, 747,
40/768, 777, 778, 779, 782–784, 790–791;
312/204; D11/131
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 107,479 | A | | 9/1870 | Gilman |
| 1,949,081 | A | * | 2/1934 | Overton ........................ 40/780 |
| 2,009,225 | A | | 7/1935 | Farrar |
| D109,986 | S | | 6/1938 | Hickerson |
| D143,189 | S | * | 12/1945 | Colef ........................... D6/300 |
| D198,795 | S | | 8/1964 | Hekler |
| D234,177 | S | | 1/1975 | Keller |
| D241,210 | S | | 8/1976 | Elsen |
| D241,211 | S | | 8/1976 | Elsen |
| D258,331 | S | | 2/1981 | Brown |
| D258,333 | S | | 2/1981 | Brown |
| D265,155 | S | | 6/1982 | Bravo |
| D272,698 | S | | 2/1984 | Aulbert et al. |
| D321,438 | S | | 11/1991 | Pauer et al. |
| D341,502 | S | | 11/1993 | Ball |
| D343,744 | S | | 2/1994 | Keller |
| D346,915 | S | | 5/1994 | Roser, Jr. |
| D350,656 | S | | 9/1994 | Ferguson |
| D371,257 | S | | 7/1996 | Paus |
| D373,033 | S | | 8/1996 | Rosebrock |
| D374,783 | S | | 10/1996 | Keller et al. |

| | | | | |
|---|---|---|---|---|
| D383,330 | S | | 9/1997 | Lowery |
| D384,518 | S | | 10/1997 | Bergelin |
| D387,568 | S | | 12/1997 | Walters, III et al. |
| D400,733 | S | | 11/1998 | O'Hare |
| D406,202 | S | | 3/1999 | Zaidman |
| D411,050 | S | | 6/1999 | Keller et al. |
| D412,413 | S | | 8/1999 | Keller et al. |
| D424,831 | S | | 5/2000 | O'Hare |
| D437,503 | S | | 2/2001 | Ungaro |
| D448,205 | S | | 9/2001 | O'Hare et al. |
| D448,578 | S | * | 10/2001 | McDaniel et al. ........... D6/300 |
| D450,203 | S | | 11/2001 | Vaaler |
| D451,700 | S | | 12/2001 | Vaaler |
| D454,729 | S | | 3/2002 | Vaaler |
| D459,111 | S | | 6/2002 | Tobin, Jr. |
| D467,095 | S | | 12/2002 | Vaaler |
| D469,626 | S | | 2/2003 | Vaaler |
| D469,631 | S | | 2/2003 | Vaaler |
| D469,982 | S | | 2/2003 | Warren et al. |

(Continued)

OTHER PUBLICATIONS

Herbert Schiffer, The Mirror Book, Schiffer Publishing, 1983, #179.*
Turner Mfg. Co., #d–601/No. 4540, #d–696/4684.*

*Primary Examiner*—Janice E. Seeger
*Assistant Examiner*—Sydney R. Buffalow
(74) *Attorney, Agent, or Firm*—Cislo & Thomas LLP

(57) **CLAIM**

I claim the ornamental design for the dresser mirror, as shown and described.

**DESCRIPTION**

FIG. **1** is a front elevational view of a dresser mirror showing my new design;
FIG. **2** is left-side elevational view thereof;
FIG. **3** is right-side elevational view thereof; and,
FIG. **4** is a top plan view thereof.
The claimed design does not include any specific depth for the specific ornamental details shown within the perimeter moldings.

**1 Claim, 4 Drawing Sheets**



**US D524,060 S**
Page 2

U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| D470,686 S | 2/2003 | O'Hare |
| D472,733 S | 4/2003 | McDaniel et al. |
| D473,400 S | 4/2003 | O'Hare |
| D474,054 S | 5/2003 | Warren et al. |
| D474,922 S | 5/2003 | Vaaler |
| D475,868 S | 6/2003 | Vaaler |
| D476,505 S | 7/2003 | Lenger |
| D477,725 S | 7/2003 | McDaniel et al. |
| D480,236 S | 10/2003 | Schmitt |
| D480,896 S | 10/2003 | Paus |
| D481,555 S | 11/2003 | Schmitt |
| D484,319 S | 12/2003 | Domack |
| D485,079 S | 1/2004 | Warren et al. |
| D487,201 S | 3/2004 | Schmitt |
| D487,548 S | 3/2004 | Schmitt |
| D488,936 S | 4/2004 | Schmitt |
| D490,626 S | 6/2004 | Risdon et al. |

* cited by examiner



Fig. 1

Case 1:08-cv-01651     Document 1-3     Filed 03/20/2008     Page 28 of 58



# Fig. 2

**U.S. Patent**          Jul. 4, 2006          Sheet 3 of 4          US D524,060 S



# Fig. 3



Fig. 4

**EXHIBIT 12**

































**EXHIBIT 13**





PROCUREMENT AND ENFORCEMENT
OF INTELLECTUAL PROPERTY

4300 LONG BEACH BLVD.
SUITE 405
LONG BEACH, CA 90807-2011
(562) 595-8422

CISLO & THOMAS LLP
*Attorneys at Law*

1333 2ⁿᵈ STREET
SUITE 500
SANTA MONICA, CA 90401-4110
(310) 451-0647
FACSIMILE (310) 394-4477
WWW.CISLO.COM

PATENT, TRADEMARK
COPYRIGHT & RELATED MATTERS

2829 TOWNSGATE ROAD
SUITE 310
WESTLAKE VILLAGE, CA 91361-3006
(805) 496-1164

December 27, 2007

**VIA TELECOPIER ONLY**
TRANSMISSION FAX NUMBER: 312-264-2501
TOTAL PAGES: 2

**CONFIDENTIAL SETTLEMENT**
**DISCUSSIONS PURSUANT TO**
**Fed. R. Evid. 408; Calif. Evid. Code § 1152**

Roger H. Stein, Esq.
Schwartz Cooper
180 N. LaSalle Street, Suite 2700
Chicago, Illinois 60601

      **Re: Unauthorized Copying, Public Display, and Sale of AICO Cortina Collection**
      **Our Ref.: 07-20337**

Dear Mr. Stein:

We are in receipt of your letter dated December 21, 2007. While we disagree with the contentions in your December 21, 2007 letter, we are pleased that your client has agreed to discontinue its dealings in the accused products.

Before we can conclude this matter, however, our client will need to know the following:

(1)     the total sales made by your client in units and dollars of the accused products;

(2)     your client's existing inventory of the accused products, and what your client intends to do with the remaining inventory; and,

(3)     the manufacturer of the accused products.

The requested information can be provided on a confidential basis if you so choose.

In addition, our client requires a signed settlement agreement to conclude this matter. Based on the representation in your letter that your client will no longer promote, sell, manufacture, and/or

CISLO & THOMAS LLP
*Attorneys at Law*

Roger H. Stein, Esq.
Schwartz Cooper
December 27, 2007
Page 2

import the accused products, we trust your client is amenable to a settlement agreement resolving this matter. AICO will prepare and enter into a suitable settlement agreement as well once the information requested above has been provided.

Nothing in this letter should be interpreted as a waiver of any of our client's rights in this matter, in law or in equity, which rights are hereby specifically reserved.

Very truly yours,

CISLO & THOMAS LLP

Mark D. Nielsen

MDN:aa
T:\07-20337\Letter to Opposing Counsel confirming resolution of matter.DOC

**EXHIBIT 14**

DEC-21-2007 13:05        SCHWARTZ COOPER              312 346 1300    P.01/03

SCHWARTZ COOPER·CHARTERED
180 North LaSalle Street, Suite 2700, Chicago, Illinois 60601
T 312.346.1300  F 312.782.8416  www.schwartzcooper.com



RECEIVED
DEC 2 1 2007



schwartz
cooper

## FACSIMILE TRANSMISSION

| | | | |
|---|---|---|---|
| **DATE:** | December 21, 2007 | **CLIENT-MATTER NO:** | 54511-9001 |

| | | | |
|---|---|---|---|
| **TO:** | | **FAX NO.:** | **PHONE NO.:** |
| Daniel Cislo, Esq.<br>Cislo & Thomas LLP | | 310.394.4477 | |

| | | | |
|---|---|---|---|
| **FROM:** | Roger H. Stein | **PHONE:** | 312.845.5114 |
| **RE:** | AICO Cortina Collection Matter<br>Your Reference: 07-20337 | | |

**NUMBER OF PAGES WITH COVER PAGE:**     3

Please call (312) 516-4421 if you experience trouble with this transmission and ask for Kathy Rundquist.

**MESSAGE:**

THIS COMMUNICATION IS FOR THE EXCLUSIVE AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENT, AND ANY OTHER DISTRIBUTION OR USE IS UNAUTHORIZED AND STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.

DEC-21-2007  13:05          SCHWARTZ COOPER              312 346 1300      P.02/03

Roger H. Stein                              S C H W A R T Z   C O O P E R   C H A R T E R E D
T 312.845.5114 F 312.264.2501              180 North LaSalle Street, Suite 2700, Chicago, Illinois 60601
rstein@schwartzcooper.com                  T 312.346.1300 F 312.782.8416 www.schwartzcooper.com



schwartz
cooper

21 December 2007

**This Correspondence And Any Attachments Thereto Are For Settlement Purposes Only
Under Fed.R.Evid. 408 And Are Not To Be Used For Any Other Purpose Whatsoever.**

**VIA FACSIMILE ONLY 310.394.4477**

Daniel Cislo, Esq.
**CISLO & THOMAS LLP**
233 Wilshire Boulevard, Suite 900
Santa Monica, California 90401

Re:    AICO Cortina Collection Matter
       Your Reference: 07-20337
       Our File No. 54511-9001

Dear Mr. Cislo:

We are Intellectual Property counsel to DA International and your communication to Raad
Altemimei dated 13 December 2007 has been referred to us for response.

Please recognize our client takes your allegations seriously and has no intention or desire to
infringe upon anyone else's rights. We note your client has been involved in several
litigations regarding the designs set-forth in your letter.

We have reviewed the design patents, copyright registrations, and photographs attached to
your letter, along with additional information provided by our client. Based on our
comparisons, we believe that DA International does not infringe any of the copyrights or
design patents because many of the features of your client's headboard, footboard, dresser
and dresser mirror are not in our client's products.

In addition, to the extent your client believes there was any copying, please recognize our
client's designs were independently created, as opposed to any of your client's designs.
Further, our client did not have a dining room collection or entertainment wall corresponding
to the design to the bedroom collection shown in your Exhibit G.

In light of the above, we believe your request to our client to cease and desist and other
requirements set forth in your letter are without merit.

Despite having said the above, our client is discontinuing the complained of line of products.
Accordingly, it will no longer promote, sell, manufacture and/or import the products
referenced in your letter.



Daniel Cislo, Esq.
Cislo & Thomas LLP
21 December 2007
Page 2


We trust this will alleviate any of your client's concerns, whether meritorious or not.  Unless
we hear from you to the contrary, we will consider this matter closed.

If you have any questions, please call.

Very truly yours,


Roger H. Stein


RHS/kmr
c:      DA International

**EXHIBIT 15**





## CISLO & THOMAS LLP
### *Attorneys at Law*

PROCUREMENT AND ENFORCEMENT
OF INTELLECTUAL PROPERTY

4300 LONG BEACH BLVD.
SUITE 405
LONG BEACH, CA 90807-2011
(562) 595-8422

1333 2ND STREET
SUITE 500
SANTA MONICA, CA 90401-4110
(310) 451-0647
FACSIMILE (310) 394-4477
WWW.CISLO.COM

PATENT, TRADEMARK
COPYRIGHT & RELATED MATTERS

2829 TOWNSGATE ROAD
SUITE 310
WESTLAKE VILLAGE, CA 91361-3006
(805) 496-1164

December 27, 2007

> **VIA TELECOPIER ONLY**
> TRANSMISSION FAX NUMBER: 312-264-2501
> TOTAL PAGES: 2

> **CONFIDENTIAL SETTLEMENT
> DISCUSSIONS PURSUANT TO
> Fed. R. Evid. 408; Calif. Evid. Code § 1152**

Roger H. Stein, Esq.
Schwartz Cooper
180 N. LaSalle Street, Suite 2700
Chicago, Illinois 60601

**Re:  Unauthorized Copying, Public Display, and Sale of AICO Cortina Collection
Our Ref.:  07-20337**

Dear Mr. Stein:

We are in receipt of your letter dated December 21, 2007.  While we disagree with the contentions in your December 21, 2007 letter, we are pleased that your client has agreed to discontinue its dealings in the accused products.

Before we can conclude this matter, however, our client will need to know the following:

(1)    the total sales made by your client in units and dollars of the accused products;

(2)    your client's existing inventory of the accused products, and what your client intends to do with the remaining inventory; and,

(3)    the manufacturer of the accused products.

The requested information can be provided on a confidential basis if you so choose.

In addition, our client requires a signed settlement agreement to conclude this matter.  Based on the representation in your letter that your client will no longer promote, sell, manufacture, and/or

CISLO & THOMAS LLP
*Attorneys at Law*

Roger H. Stein, Esq.
Schwartz Cooper
December 27, 2007
Page 2

import the accused products, we trust your client is amenable to a settlement agreement resolving this matter. AICO will prepare and enter into a suitable settlement agreement as well once the information requested above has been provided.

Nothing in this letter should be interpreted as a waiver of any of our client's rights in this matter, in law or in equity, which rights are hereby specifically reserved.

Very truly yours,

CISLO & THOMAS LLP

Mark D. Nielsen

MDN:aa
T:\07-2033\Letter to Opposing Counsel confirming resolution of matter.DOC